UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARSHALL ALLEN COATS ,

Plaintiff,

v.

DAVID T. LEWIS, et al.,

Defendant.

CASE NO. 3:26-cv-05984-TMC-BAT

**REPORT AND RECOMMENDATION**

Before the Court is one in a series of civil rights complaints Plaintiff has filed revolving around the criminal charges and his conviction in the Washington State Courts. The Court has reviewed the complaint and finds it (1) brings is duplicative of actions Plaintiff has already filed in this Court; (2) names Defendants who are either entitled to judicial immunity and prosecutorial immunity, or are public defenders who thus not state actors who can be sued in a civil rights complaint; (3) makes allegations that fail to set forth facts sufficient to state claims for relief; and (4) makes allegations about acts that occurred eleven years ago and are thus time-barred. Accordingly, for the reasons below the Court recommends the the case be **DISMISSED** with prejudice.

## BACKGROUND

Plaintiff is currently detained at the Airway Heights Corrections Center. Before filing the instant case, Plaintiff filed two 42 U.S.C. § 1983 civil rights complaints each revolving around his convictions in the Kitsap County Superior Court. On July 24, 2026, Plaintiff filed a § 1983 complaint in *Coats v. Duckworth, et al.* 3:26-cv-05838-LK-TLF against numerous Kitsap Jail staff, Kitsap Superior Court Judge William Houser, two Kitsap County District Judges, and two Kitsap County public defenders including Andrew Kalm. Plaintiff alleged his treatment at the jail violated his rights and his public defenders provided poor representation. He also alleged Judge Tina Robinson violated his rights by signing the warrant in Kitsap case number 23-1-00864-18 sentencing Plaintiff to 48 months of imprisonment knowing she had represented Plaintiff in 2014. This case still pending before the assigned district judge.

On August 7, 2026, Plaintiff filed another § 1983 civil rights complaint in *Coats v. Kalm*, 3:26-cv-05918-RSL-DWC, alleging his public defender Andrew Kalm failed to adequately represent him to pursue a romantic relationship with Maddie Williams. A report filed August 17, 2026, recommended dismissal on the grounds public defenders are not state actors liable under § 1983 and Defendant Williams is a private individual, not a state actor. *See* Dkt. 4. This matter is also pending before the assigned district judge.

And on August 31, 2026, Plaintiff filed the present § 1983 civil rights complaint naming Prosecutor David Lewis, Kitsap County Superior Court Judge Tina Robinson, and Kitsap County Public Defender Andrew Kalm and alleging these Defendants violated his federal rights.

Count I alleges on December 23, 2023, Prosecutor Lewis in Kitsap County case number 23-1-00864-18 at a court hearing "violat[ed] my constitutional rights, defamation of character, libel, slander and created irreparable damage." Dkt. 1 at 5. The complaint lacks facts supporting

this allegation and instead alleges Plaintiff appeared before Kitsap County Superior Court Judge Howser on December 23, 2023 for burglary charges, was treated badly by jail staff, Plaintiff's defense lawyer Andrew Kalm visited Plaintiff's girlfriend daily, and Plaintiff decided to plead guilty to burglary and 48 months of imprisonment after he was threated to face more serious charges.

Count II alleges in 2014, Tina Robinson represented Plaintiff and violated his due process rights by coercing Plaintiff into pleading guilty. Plaintiff alleges Ms. Robinson again violated Plaintiff's due process rights in 2015 by participating in prosecutorial misconduct. And lastly, Plaintiff alleges in 2023, Ms. Robinson violated Plaintiff's rights by serving as a judge in Kitsap County case number 23-1-00864-18 by signing orders regarding this case even though she knew she represented him in the past. *Id.* at 6

Count III alleges Public Defender Kalm violated Plaintiff's rights in 2023 by failing to represent Plaintiff diligently, discussing Plaintiff's criminal case with the prosecution and having sex with Plaintiff's enemy "Maddie Williams."

## DISCUSSION

### A. Legal Standards

#### 1. Section 1983 Claims

To avoid dismissal, Plaintiff's § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

**2. Duplicative Actions**

This is at least the third complaint Plaintiff has filed that is related to his Kitsap County Superior Court criminal charges and conviction. A plaintiff generally has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants. *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). To determine if a second action is duplicative of the first, the Court examines if the causes of action, relief sought, and parties to both actions are the same." *Adams*, 487 F.3d at 689. This examination involves assessing whether (1) the rights or interests established in the prior judgment would be impaired by prosecution of the second action; (2) substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Adams*, 487 F.3d at

689. The last criterion—whether the two suits arise out of the same transaction nucleus of facts—is the most important. *Id*.

After weighing the equities of the cases, the district court has the discretion to dismiss a duplicative later-filed action or consolidate both actions. *Id*. at 688. Here, Plaintiff has filed numerous duplicative § 1983 complaints each of which involve his criminal prosecution and conviction in Kitsap County Superior Court. In *Coats v. Madeline Williamson*, 26-5396-TMC Plaintiff sought a no-contact order against Ms. Williamson and alleged he was arrested by police in Kitsap county who used excessive force. In *Coats v. Kalm,* 26-5918-RSL, Plaintiff sued his public defender, Andrew Kalm. In *Coats v. Duckworth*, 26-5838, Plaintiff sued numerous defendants including Kitsap Superior Court Judge William Houser and three Kitsap County Publics Defenders including Andrew Kalm. And, in *Coats v. Robinson*, 26-5919-LK, Plaintiff sued Judges Tina Robinson and William Houser and the Kitsap County Superior Court.

Plaintiff once again has filed another § 1983 complaint again alleging that his rights were violated by Defendants during his most recent criminal conviction in the Kitsap County Superior Court. The present complaint should accordingly be dismissed as duplicative.

**2. Judicial Immunity**

Plaintiff names as Defendants Kitsap County Superior Court Judges. Plaintiff appears to claim the Defendant Judges conducted his criminal hearing in a way that violated his civil rights, and Judge Robinson violated his rights when she signed orders despite having represented Plaintiff approximately 11 years ago. Conducting a state court criminal hearing and signing warrants and court orders are actions that fall within a state court judge's judicial capacity, and state court judges are entitled to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S.

349, 98 S. Ct. 1099 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S. Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, (1985). Accordingly, no action lies against any superior court judge named in the present complaint.

The Court notes Plaintiff alleges Judge Robinson violated his rights 11 years ago when she represented him as a lawyer in a criminal case. That allegation is time-barred. The Court applies the applicable state statute of limitations for the jurisdiction in which the § 1983 claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*. The time to bring an action against then attorney Robinson has long expired and should be dismissed.

**3. Prosecutorial Immunity**

Plaintiff appears to allege the Kitsap County Prosecuting Attorneys' Office violated his rights when they charged him with crimes for which he ultimately pled guilty. Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir.

1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427).

As Plaintiff's complaint challenges the Defendants' prosecutorial acts and function, the Kitsap County prosecutors are immune from suit and Plaintiff's allegations should be dismissed.

**4. Public Defender Kalm**

Plaintiff sues his former public defender, Mr. Kalm for failing to diligently represent him and conferring with the prosecuting attorney. The United States Supreme Court has held court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). In *Polk*, the Supreme Court held that a public defender, even though employed by the state, is not subject to § 1983 liability when acting in the capacity of an attorney. *Id.* at 321 (the job of a public defender is to advance the interests of his client, which "is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.") *Id.* at 321; *see also Miranda v. Clark Cty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Because public defenders cannot be subject to § 1983 liability based on their actions representing defendants in criminal proceedings, plaintiff fails to state a claim against defendant Kalm.

## CONCLUSION

The present complaint should be dismissed pursuant to 28 U.S.C. § 1915A as it is duplicative of other complaints Plaintiff has filed in this court; names Defendants who are

immune from suit or who are not state actors; and brings untimely claims barred by the statute of limitations. Leave to amend is not warranted because it does not appear the deficiencies identified above can be cured by amendment. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (leave to amend need not be granted where amendment would be futile or where the amended complaint would be subject to dismissal).

Because this complaint is duplicative and sues Defendants who are either immune or not state actors, the Court recommends the dismissal count as a **STRIKE** under 28 U.S.C. § 1915(g).

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 4, 2026.** The Clerk shall note the matter for **November 5, 2026**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 19th day of October, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge